**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

GWEN LACANNE,

Plaintiff,

Civil No. 00-1773 DWF/AJB

v.

**ORDER**

AAF MCQUAY INC., d/b/a
MCQUAY INTERNATIONAL,

Defendant.

---

The above matter came before the Court on Plaintiff's Motion to Compel Discovery. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Compel Discovery is **granted in part, denied in part, and dismissed in part** [Docket No. 21].

2. With respect to Interrogatory No. 7 (Set I); Request No. 4 (Set I) and Request Nos. 20, 21 & 22 (Set II), Plaintiff's Motion no longer presents a controversy and is therefore moot. To that extent, the Motion is dismissed without prejudice.

3. Defendant shall answer Request No. 14 (Set I) as stated herein. Defendant shall provide the personnel files maintained by Defendant or its agents, for individuals who were employed in Plaintiff's Department during the last five years of Plaintiff's employment with Defendant.

4. Defendant shall answer Request No. 17 (Set II) as stated herein. For every employment position at Defendant's Faribault, Minnesota facilities, for which

FILED MAY 10 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff applied during the last five years of her employment with Defendant, Defendant shall produce the job description, documents related to the interviews and hiring for each position, and the personnel files of every candidate selected for each position.

5. Access to personnel files produced by Defendant shall limited to Plaintiff's counsel and the employees or agents of such counsel, who are actually assisting in the preparation of this case. Plaintiff is not precluded from moving the Court for relief if the efficient conduct of this litigation is limited by this paragraph's directive.

6. Defendant shall answer Request No. 18 (Set II) as stated herein. Defendant shall produce all documents describing or in any way pertaining to any communication and/or investigation by Defendant related to any comments, reports or conversations that Plaintiff–during the time when she was employed with Defendant–directed at Defendant and/or its employees, that in any way related to concerns that she had about violence, horseplay, offensive behavior and/or sexual harassment in Defendant's Faribault, Minnesota facilities.

7. Defendant shall answer Request No. 19 (Set II) as stated herein. Defendant shall produce all documents describing or in any way pertaining to any communication and/or investigation by Defendant related to any comments, reports or conversations that any employee–during the time when Plaintiff was employed with Defendant–directed at Defendant and/or its employees, that in any way related to concerns that employee had about sexual harassment in Defendant's

Faribault, Minnesota facilities. In addition, Defendant shall produce all documents describing or in any way pertaining to any communication and/or investigation by Defendant related to any comments, reports or conversations that any employee in Plaintiff's Department–during the last five years of Plaintiff's employment with Defendant–directed at Defendant and/or its employees, that in any way related to concerns that employee had about violence, horseplay and/or offensive behavior in Defendant's Faribault, Minnesota facilities.

Dated: 5/10/01

Arthur J. Boylan
United States Magistrate Judge